IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JAMES L. FRENCHMAN,** | ) | **CASE NO. 8:12CV418** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **COURT OF DAKOTA COUNTY** | ) | |
| **NEBRASKA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

    This matter is before the court on Plaintiff's Notice of Removal (Filing No. 1), Motion for Leave to Proceed In Forma Pauperis ("IFP") (Filing No. 2) and Motion for Temporary Restraining Order (Filing No. 2). Defendants have filed a Motion to Remand along with a Brief in Support. (Filing Nos. 8 and 9.) Plaintiff has objected to Defendants' Motion. (Filing No. 11.) The court grants Plaintiff's Motion for Leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).

    For the reasons set forth below, the court finds that removal is inappropriate and directs the Clerk of the Court to remand this matter to the County Court of Dakota County, Nebraska.

## BACKGROUND AND SUMMARY OF REMOVAL NOTICE

    Plaintiff seeks to remove pending case number "CR 12 1801" from the County Court of Dakota County, Nebraska, to this court. (Filing No. 1 at CM/ECF p. 1.) Plaintiff's state court criminal action stems from his receipt of a citation and complaint for driving without a license. (*Id*. at CM/ECF p. 8.) Liberally construed, Plaintiff argues he is entitled to removal because a "number of people in the Winnebago Reservations say Dakota County targets Indians." (*Id*. at CM/ECF p. 7.)

**DISCUSSION**

Title 28, Section 1443, of the United States Code provides for the removal of a civil action or criminal prosecution from state court to federal court, if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).

A petition for removal under § 1443(1) "must satisfy a two-pronged test." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id*. (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Id*. Second, it must appear on the face of the notice "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Id*. (quoting *Rachel*, 384 U.S. at 799, 803).

Here, Plaintiff has failed to allege a proper basis for removal under § 1443(1). Even when liberally construed, Plaintiff's general allegation that a "number of people in the Winnebago Reservations say Dakota County targets Indians" is insufficient to allege a civil rights violation "in terms of racial equality," as is required to remove a criminal action to federal court. (*See* Filing No. 1 at CM/ECF p. 7.) Moreover, Plaintiff fails to allege that he would be precluded from enforcing his constitutional rights in state court.

Further, Plaintiff's notice of removal is untimely.  A notice of removal of a criminal prosecution must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier."  28 U.S.C. § 1455(b)(1).  Plaintiff's arraignment was held on October 3, 2012, and he filed his notice of removal on December 6, 2012, or more than a month after § 1455(b)(1)'s required filing date.  (Filing No. 1 at CM/ECF pp. 1, 4.)

To the extent that Plaintiff challenges Nebraska's authority to prosecute him and seeks this court's intervention in an ongoing state court proceeding, the court will abstain from exercising jurisdiction.  Indeed, this court is mindful of its obligation to promote comity between state and federal judicial bodies and will "abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings."  *Aaron v. Target Corp.,* 357 F.3d 768, 774 (8th Cir. 2004).  Courts use the doctrine developed in *Younger v. Harris* to carry out this policy.  401 U.S. 37 (1971).  Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'"  *Norwood v. Dickey,* 409 F.3d 901, 903 (8th Cir. 2005), (quoting *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir.1996)).  As discussed above, Plaintiff has not alleged, nor demonstrated, that the Nebraska court proceedings will not provide him with the opportunity to raise any potential constitutional claim.  Accordingly,

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed IFP (Filing No. 2) is granted;

3

2. Defendants' Motion to Remand (Filing No. 8) is granted. This matter is hereby remanded to the County Court of Dakota County, Nebraska, pursuant to 28 U.S.C. § 1455(b)(4);

3. The Clerk of Court is directed to immediately send a certified copy of this Memorandum and Order to the Clerk of the County Court of Dakota County, Nebraska, and take any other action necessary to effectuate the remand;

4. Plaintiff's Motion for Temporary Restraining Order (Filing No. 2) and Objection (Filing No. 11) are denied; and

5. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 10th day of January, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.